# Briar Creek Township *against* Mount Pleasant Township.

To constitute the hiring contemplated by the seventeenth section of the act of the 9th of March 1771, to give a pauper a legal settlement, it is not necessary that the consideration should be paid in money; any other valuable consideration will suffice.

CERTIORARI to the quarter sessions of *Columbia* county.

The overseers of the poor of Briar Creek township against the overseers of the poor of Mount Pleasant township, Columbia county. Appeal from the order of two justices. The facts are distinctly stated in the opinion of the Court.

*Frick,* for appellant, cited 2 *Watts* 44, 342.
*Montgomery* and *Cooper, contra.*

The opinion of the Court was delivered by

SERGEANT, J.—A settlement is gained under the seventeenth section of the act of the 9th of March 1771, if any unmarried person, not having children or a child, shall be lawfully bound or hired as a servant in any township, and shall continue and abide in such service during one whole year. The evidence in the present case shows that the pauper continued in the service of Mr and Mrs Oman, in Mount Pleasant township, for upwards of three years; and the only question is whether, during that time, she was hired as a servant. Of this we think there can be no doubt. The evidence shows that she was hired by an express agreement. To constitute a hiring, it is not necessary that the consideration should be paid in money; it is sufficient if other valuable commodities are to be paid. Here it appears her labour was not to be gratuitous, but was to be paid for in victuals and clothing, whatever she earned.

This constituted a contract, for the breach of which the servant might have had her remedy by action.  It is urged that this contract endured only two months, as at the end of that time the mistress ordered her to go, and she refused.  She, however, did not go, but continued in the same capacity.  On what terms did she continue?  It seems manifest that as the master and mistress did not insist upon her going away, but kept her without any new contract, she continued on the old terms.  Their·dissatisfaction was but temporary, and was waived by the implied, if not the express agreement of the parties.  The hiring virtually endured for three years, notwithstanding the occasional orders to go.  It is not necessary under our act of assembly, (as it is under the statute of 3 William and Mary, c. 11,) that the hiring should be for one year; it is sufficient that there be a service for a year under a hiring.  The hiring may, in the first instance, be indefinite—at the will of the parties; and if neither determine his will, but both continue the hiring and act under it for a year, the letter and spirit of the act are complied with.  Labour and services have been rendered under a hiring, as between master and servant, and the township having received the benefit of the labour, takes with it the burden of maintenance, where no paramount obligation on another township is made out.

Judgment affirmed.